

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-20-00372-CR
No. 07-20-00373-CR

EX PARTE GABRIEL ALEXANDER BITTNER, APPELLANT

On Appeal from the 84th District Court
Hutchinson County, Texas
Trial Court Nos. 12,391, 12,498, Honorable Curt Brancheau, Presiding

September 27, 2021

MEMORANDUM OPINION

Before PIRTLE and PARKER and DOSS, JJ.

Appellant, Gabriel Alexander Bittner, appeals from the trial court's denial of his request to release him on a personal recognizance bond or reduce the amount of his bond. Because appellant subsequently pleaded guilty to one of the underlying offenses and the other offense has been dismissed, we dismiss the appeal.

On December 17, 2019, appellant was charged by indictment for the offense of burglary of a habitation in cause numbers 12,391 and 12,392. Appellant was arrested and bond was set at $50,000 on each charge. The trial court reduced the bond to $10,000 following a hearing. The State filed motions to revoke bond alleging that appellant had

violated the bond conditions. After appellant failed to appear at the April 1, 2020 hearing on the State's motions, the surety on the bonds surrendered the bonds and a warrant for appellant's arrest was issued.

Appellant was arrested on the warrant on April 15, 2020. On May 28, 2020, appellant filed an application for writ of habeas corpus seeking bail, which the trial court denied. On June 23, the State re-indicted cause number 12,392 into cause number 12,498, adding counts for aggravated assault and burglary of a building. Bond was denied. The indictment in cause number 12,392 was later dismissed. On October 1, 2020, appellant filed an application for writ of habeas corpus seeking release due to delay. *See* TEX. CODE CRIM. PROC. ANN. art. 17.151 (West Supp. 2020). After the trial court denied appellant's request for relief, appellant brought this appeal contending that the trial court's denial was an abuse of discretion.

On March 23, 2021, appellant pleaded guilty to the underlying offense of burglary of a habitation in cause number 12,498 and was sentenced to eight years' confinement in the Texas Department of Criminal Justice. Appellant waived his right of appeal and the trial court certified that appellant has no right to appeal. In conjunction with appellant's plea, the State dismissed cause number 12,391.

Issues regarding pretrial bail are moot when the accused is no longer subject to pretrial confinement. *See Martinez v. State*, 826 S.W.2d 620, 620 (Tex. Crim. App. 1992) (en banc). Thus, appellant's guilty plea in cause number 12,498 and the State's dismissal of cause number 12,391 render the trial court's ruling on the application for writ of habeas corpus moot.

Accordingly, we dismiss this appeal as moot.


Judy C. Parker
Justice


Do not publish.